NO. 07-09-0297-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL C

JANUARY 13, 2010

_____

ROBERT DAVID ARGUIJO, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

_____

FROM THE 242ND DISTRICT COURT OF CASTRO COUNTY;

NO. B 3145-0708; HONORABLE ED SELF, JUDGE

_____

Before QUINN, C.J., and HANCOCK and PIRTLE, JJ.

**ABATEMENT AND REMAND**

Pursuant to a plea bargain, Appellant, Robert David Arguijo, was granted five years deferred adjudication community supervision for aggravated assault in 2008. On December 31, 2008, the State filed an *Amended Motion to Proceed to Adjudication* alleging the following violations of the terms and conditions of community supervision: (1) failed to

report to the Community Supervision Officer, (2) failed to pay restitution, fees, and costs, and (3) failed to complete community service hours. Following a hearing on the State's amended motion, the trial court entered an order continuing Appellant on deferred adjudication community supervision and modifying the terms thereof to include, among other conditions, Appellant's commitment to the Lubbock County Court Residential Treatment Center. On July 23, 2009, the State filed a subsequent *Motion to Proceed to Adjudication* alleging Appellant failed to complete the court-ordered residential treatment center program. At the hearing on the State's motion, Appellant entered a plea of true to the State's allegation and the trial court adjudicated him guilty of aggravated assault with a deadly weapon finding. Punishment was assessed at ten years confinement and a $5,000 fine. That same day, the trial court certified that the defendant had the right to appeal. Appellant's notice of appeal was then filed by Appellant's trial counsel, Kregg Hukill, on September 3, 2009. That same day, the trial court granted Hukill's *Motion to Withdraw as Counsel.* Accordingly, at this time Appellant is pursuing his appeal *pro se.*

The clerk's record was filed on October 20, 2009. According to the clerk's record, although Appellant was initially represented by retained counsel during the early stages of this case, he was represented by appointed counsel during the proceeding at issue in this appeal.

The reporter's record was due to be filed on October 27, 2009. On October 23, 2007, the Official Court Reporter for the 242nd District Court filed a request for an

extension of time in which to file the record indicating that Appellant had not submitted a written designation nor paid or made arrangements to pay for the record. An extension of time was granted to November 30, 2009, in which to file the record. By that same letter, Appellant was directed to certify to this Court on or before November 12, 2009, whether he had complied with the Texas Rules of Appellate Procedure pertaining to reporter's records. Appellant did not respond.

Pending before this Court is a subsequent request for extension of time filed by the court reporter indicating Appellant has not yet submitted a written designation nor made arrangements to pay for the record. Trial and appellate courts are jointly responsible for ensuring that the appellate record is timely filed. Tex. R. App. P. 35.3(c). Due to Appellant's status as an indigent at the time of the revocation of deferred adjudication community supervision and the imposition of sentence, we now abate this appeal and remand the cause to the trial court for further proceedings. During this abatement, the trial court shall utilize whatever means necessary to determine the following:

1. whether Appellant desires to prosecute this appeal, and if so,
2. whether Appellant is indigent and entitled to appointed counsel and a free reporter's record.

Should it be determined that Appellant does want to continue the appeal and the trial court determines that he is entitled to appointed counsel, the name, address, telephone number, and state bar number of newly-appointed counsel shall be provided to the Clerk of this

3

Court.  Finally, the trial court shall execute findings of fact, conclusions of law, and any necessary orders it may enter regarding the aforementioned issues and cause its findings, conclusions, and orders, if any, to be included in a supplemental clerk's record to be filed with the Clerk of this Court by February 15, 2010.

The reporter's request for an extension of time filed on January 11, 2010, is rendered moot.

It is so ordered.

Per Curiam

Do not publish.